# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Daniel Benedict Mishoe, ) | Civil Action No. 8:21-3132-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| SCDC Director Bryan Sterling, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that Defendants' motion for judgment on the pleadings as to all claims be granted. (Dkt. No. 32.) For the reasons set forth below, the Court adopts the R & R as the order of the Court and grants Defendants' motion for judgment on the pleadings.

**I.      Background**

Plaintiff proceeds *pro se* to bring claims under 42 U.S.C. § 1983 for violation of his 8th Amendment right, his 14th Amendment right, as well as for "medical care negligence, deprivation of constitutional and statutory rights, police actions, solitary confinement/segregation of prisoners." (Dkt. No. 1 at 4.)

These claims arise from an incident in September and October 2019.  Plaintiff alleges that another inmate, John Cook, accused him of misconduct, although an investigation yielded no proof.  Plaintiff and Cook were separated, and Plaintiff was moved into a new unit.  Plaintiff alleges he was placed in solitary confinement and into the wrong wing of the prison with another inmate, Steven Wilson, whose custody level was "SD"—higher than Plaintiff's—due to Wilson's repeated hostile and aggressive assaults of other inmates.  Plaintiff requested to be moved and his request was denied.  In October 2019, Wilson assaulted Plaintiff, striking him

from behind and causing severe nasal and orbital injuries. Officers deployed chemical spray to, which impacted Plaintiff's ability to breathe and see. Plaintiff alleges that he subsequently requested repeated medical treatment for his injuries, which included a deviated septum, headaches, nose bleeds and black eyes, which he was not given. An Officer later told Plaintiff that Wilson was a security hazard because he had previously assaulted other inmates. Plaintiff continued to request medical care, which he did not receive beyond Tylenol. Approximately one year and five months later, Plaintiff underwent surgeries to repair his injuries. (Dkt. No. 1-1.)

II.  **Legal Standard**

A.  **Review of R & R**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g.*, *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id*. Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

B.  **Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be

resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Therefore, the "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

### III.  Discussion

As to the § 1983 claims, Defendants move for judgment on the pleadings on the basis that, in his complaint, Plaintiff acknowledges that he has not exhausted his administrative remedies under the Prison Litigation Reform Act ("PLRA").

The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016).

The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Id*. at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 F.App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id*. Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id*. Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id*. In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id*. Last, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id*. at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id*. (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

SCDC employs an Inmate Grievance Procedure in which the inmate must first attempt to resolve the grievance informally by submitting a Request to Staff Member Form ("RTSM") to an

appropriate staff member within eight days of the incident. If the issue remains unresolved, the inmate may then file a Step 1 grievance. If the inmate is dissatisfied with the response to his Step 1 grievance, he may then appeal with a Step 2 grievance. *See* SCDC Grievance Policy GA-01.12 ¶¶ 13.2, 13.7.[1]

Here, Plaintiff's complaint alleges that he filed a Step 1 grievance at Ridgeland Correctional Institution that was processed but not answered, and that he filed a Step 1 grievance at Evans Correctional Institution that was processed but not answered. Plaintiff appended the grievance filed at Evans, which does not attach an RTSM. (Dkt. Nos. 1 at 8, 1-1 at 8.) Also in his complaint, Plaintiff states that he "Did not appeal because the grievance system would not accept my kiosk records or medical records as proof of informal resolution attempt even though all my records are in the system." (Dkt. No. 1 at 8.) Plaintiff did not file a Step 2 grievance and the record does not sufficiently support finding that the remedy was not legally "available." Affording this *pro se* complaint an appropriately liberal construction, and in the absence of any objection from Plaintiff, the Court adopts the Magistrate Judge's recommendation to dismiss the § 1983 claims on the pleadings.

As to Plaintiff's claim for negligence medical treatment, Defendants argue that they are entitled to judgment on the pleadings because Plaintiff did not append an affidavit from a medical expert to the complaint. A claim for negligent medical treatment is properly construed as a claim for medical malpractice. *Millmine v. Harris*, C/A No. 3:10-1595-CMC, 2011 WL 317643, at *1 (D.S.C. Jan. 31, 2017). Under South Carolina law, a medical malpractice plaintiff is required to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim." S.C. Code. Ann. § 15-36-100. Failure to attach the affidavit warrants dismissal of the claim. *See, e.g.*,

---

[1] *Available at* GA-01-12.htm.pdf (sc.gov) (last visited Jan. 31, 2022).

*Chappie v. United States*, C/A No. 8:13-1790-RMG, 2014 WL 3615384, at *1, *5 (D.S.C. July 21, 2014). Because Plaintiff did not append any such affidavit here, and in the absence of any objection from Plaintiff, the Court adopts the Magistrate Judge's recommendation to dismiss the claim on the pleadings.

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's recommendation (Dkt. No. 32) to **GRANT** Defendants' motion for judgment on the pleadings (Dkt. No. 27.) The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

February 1, 2022
Charleston, South Carolina